IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATHY SUE LASEK, et al. | : | |
| | : | |
| v. | : | CIVIL NO. L-05-1360 |
| | : | |
| CRYSTAL R. DOMLAO, et al. | : | |

**MEMORANDUM**

Pending in this personal injury action is Defendants' motion to dismiss for lack of subject matter jurisdiction. No oral argument is necessary. See Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, the Court will, by separate Order, (i) GRANT Defendants' motion; (ii) DISMISS the case for lack of subject matter jurisdiction; and (iii) DIRECT the Clerk to CLOSE the case.

**I.      Background**

This action arises out of an automobile accident that occurred on September 4, 2004. The Complaint alleges that Crystal Domlao was driving a car owned by Elizabeth and David Brown when she negligently collided with a vehicle driven by Kathy Lasek. Ms. Lasek and her husband, Henry Lasek, sued Defendants Crystal Domlao, Elizabeth Brown, and David Brown. Ms. Lasek alleges physical and emotional injury, and she and her husband have asserted a claim for loss of consortium. Defendants have moved to dismiss the case for lack of subject matter jurisdiction.

**II.     Analysis**

The federal district courts are courts of limited jurisdiction. The party asserting the court's jurisdiction must allege and prove subject matter jurisdiction. Crosten v. Kamauf, 932 F. Supp. 676, 679 (D. Md. 1996) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

Here, Plaintiffs invoke federal question and diversity jurisdiction.  The Court will address each in turn.

### A. Federal Question Jurisdiction

In their Complaint, Plaintiffs cite the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, et seq. ("FTCA"), as providing the Court with jurisdiction.  The FTCA confers subject matter jurisdiction on a court for damages "caused by the negligent . . . act . . . of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  Although Plaintiff Kathy Lasek is employed by the United States Postal Service, it is the defendants, not the plaintiff, who must be employed by the government for the FTCA to apply.  Plaintiffs do not allege in the Complaint or in their opposition brief that any of the Defendants are government employees.  In fact, Plaintiffs do not even address federal question jurisdiction in their opposition brief, having apparently abandoned the issue.  Accordingly, the FTCA does not apply, and federal question jurisdiction does not exist.

### B. Diversity Jurisdiction

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  Complete diversity of the parties is required, meaning that "diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides."  See Dewhurst v. Telenor Invest AS, 83 F. Supp. 2d 577, 595 (D. Md. 2000) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).  Plaintiffs Kathy and Henry Lasek are alleged to be residents, and thus citizens, of Maryland.  See, e.g., Sligh v. Doe, 596 F.2d 1169, 1171 n.5 (4th Cir. 1979) (generally individuals are citizens of the

state where they reside).  Thus, if any of the Defendants is a citizen of Maryland, diversity does not exist.

There is no dispute that Defendant Crystal Domlao is a citizen of Maryland.  The caption of the Complaint lists her address as Havre de Grace, Maryland, and Plaintiffs even acknowledge in their opposition brief that Domlao lives in Harford County, Maryland.  Accordingly, the case lacks complete diversity.[1]

For the above reasons, the Court concludes that it lacks subject matter jurisdiction.

### C.     Dismissal of the case

As an alternative to dismissing the case, the parties ask the Court to transfer it to state court.  Because this case originated in federal court, the Court cannot transfer it to state court.  See Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 75 Fed. Appx. 903, 906 (4th Cir. 2003) (unpublished) ("A case originally filed in federal court cannot be remanded to state court.").  Accordingly, the Court will dismiss the case.

## III.    Conclusion

For the foregoing reasons, the Court will, by separate Order, (i) GRANT Defendants' motion; (ii) DISMISS the case for lack of subject matter jurisdiction; and (iii) DIRECT the Clerk to CLOSE the case.

Dated this 7th day of September, 2005.

_____/s/_____

---

[1] In their briefs, the parties focus on the citizenship of the Browns, disputing whether they are citizens of Maryland or the State of Washington.  Because Domlao is a citizen of Maryland, diversity does not exist, regardless of the Browns' citizenship.

                Benson Everett Legg
                Chief Judge